UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JANIS SHUMWAY,

       Plaintiff,

v.

JACOBUS C. ENGELBRECHT
and HANLIE ENGELBRECHT

       Defendants.
_____/

Case No. 1:21-cv-11291

Honorable Thomas L. Ludington
United States District Judge

**OPINION AND ORDER DENYING AS MOOT PLAINTIFF'S MOTION TO APPEAR VIA ZOOM, DENYING PLAINTIFF'S MOTION FOR ADMINISTRATIVE CLOSURE, AND DIRECTING PLAINTIFF TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE**

This is a disability-discrimination action brought under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12181 *et seq.* Plaintiff Janis Shumway, an ADA "tester,"[1] alleges that Defendants are operating a hotel that fails to comply with the ADA. *See* ECF No. 1.

The parties were set to appear for an in-person settlement conference on March 16, 2022. *See* ECF No. 14. On the Friday afternoon before the conference, Plaintiff filed a motion to appear via Zoom due to the "ongoing COVID-19 pandemic" and her "fragile health." ECF No. 17 at PageID.56. Defendants, who are *pro se*, opposed the Motion. *Id.*

On the day of the conference, this Court's Case Manager contacted Plaintiff's counsel, who stated he could not appear for the conference.[2] Instead, he submitted a notice of voluntary

---

[1] As explained in her complaint, Plaintiff is "an advocate [for] the rights of similarly situated disabled persons" and therefore "test[s]" whether certain places of public accommodation satisfy the ADA. *See* ECF No. 1 at PageID.2.

[2] Because the conference has already occurred, Plaintiff's motion to appear via Zoom will be denied as moot.

dismissal, which this Court struck for failure to include Defendants' consent as required by Federal Rule of Civil Procedure 41(a)(1). *See* ECF No. 18 (stricken).

Since the conference, Plaintiff's counsel has filed a motion to "administratively close" the case. ECF No. 19. He explains that Plaintiff was recently hospitalized for COVID-19 and that "he has been unable to contact her." *Id.* at PageID.59. He therefore seeks to have the case closed and, if Plaintiff recovers, reopened later. *Id.* at PageID.59–60. Citing their interest in a speedy resolution, Defendants oppose the motion. ECF No. 20.

By "administrative closure," Plaintiff's counsel essentially seeks an indefinite suspension of the scheduling order.[3] Despite the seriousness of his request, he does not cite any authority in his motion. Nor does he enjoy Defendants' consent. Although this Court is sensitive to Plaintiff's health, this Court must manage its caseload efficiently, and an indefinite adjournment at this juncture is unreasonable. Accordingly, Plaintiff's counsel's Motion will be denied.

Oddly, Plaintiff's counsel has not filed any pleadings or notices since his motion to administratively close the case, even though trial is quickly approaching. *See* ECF No. 14 (setting bench trial for August 2, 2022). As a result, this Court does not know whether Plaintiff has recovered, or whether the parties are ready for trial. And Plaintiff's counsel's failure to keep this Court informed suggests that he and his client no longer wish to prosecute this case. To that end, Plaintiff will be directed to show cause why this case should not be dismissed.

Accordingly, it is **ORDERED** that Plaintiff's Motion to Appear via Zoom, ECF No. 17, is **DENIED AS MOOT**.

---

[3] Plaintiff's counsel's motion cannot be construed as a motion for voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2), because he seeks "administrative closure" rather than dismissal. *See generally* FED. R. CIV. P. 41(a)(2).

Further, it is **ORDERED** that Plaintiff's Motion for Administrative Closure, ECF No. 19, is **DENIED**.

Further, it is **ORDERED** that Plaintiff is **DIRECTED** to show cause in writing on or before **July 19, 2022**, why this case should not be dismissed for failure to prosecute. Defendants may file a response to Plaintiff's response **within seven days of service**.

All pending dates will be cancelled pending the completion of the show-cause proceedings.

Dated: July 13, 2022                                s/Thomas L. Ludington
                                                    THOMAS L. LUDINGTON
                                                    United States District Judge