UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JANIS SHUMWAY,

        Plaintiff,                             Case No. 1:21-cv-11291

v.                                         Honorable Thomas L. Ludington
                                              United States District Judge

JACOBUS C. ENGELBRECHT
and HANLIE ENGELBRECHT

        Defendants.
_____/

**OPINION AND ORDER DISMISSING COMPLAINT FOR FAILURE TO PROSECUTE**

This is a disability-discrimination action brought under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12181 *et seq.* Plaintiff Janis Shumway, an ADA "tester,"[1] alleges that Defendants are operating a hotel that fails to comply with the ADA. *See* ECF No. 1. Recently, Plaintiff was directed to show cause why this case should not be dismissed for failure to prosecute. ECF No. 22. The order came after Plaintiff's counsel (1) failed to appear for a settlement conference in March 2022, (2) attempted to stipulate to dismissal (but could not obtain Defendants' consent), and (3) filed a motion for "administrative closure" due to his client's hospitalization with COVID-19 and inability to contact her. *See id.* at PageID.66–67.

Plaintiff's counsel has responded to the show-cause order and, unfortunately, remains unable to reach his client. *See* ECF No. 23 at PageID.69. Nonetheless, "in [his] capacity as officer of this Court," Plaintiff's counsel suggests "that judicial economy would best be served if the Court dismisses this case with prejudice." *Id.* at PageID.69 (emphasis omitted).

---

[1] As explained in her Complaint, Plaintiff is "an advocate [for] the rights of similarly situated disabled persons" and therefore "test[s]" whether certain places of public accommodation satisfy the ADA. *See* ECF No. 1 at PageID.2.

Defendants do not oppose Plaintiff counsel's suggestion. *See* ECF No. 24. Although they would "prefer[]" for this Court to decide the case on its merits—given their interest in preventing "other 'testers'" from raising the same claims at issue here—they "confirm that they do not have any objection to the dismissal for failure to prosecute." *Id.* at PageID.71.

Defendants' willingness to litigate—and patience for Plaintiff's counsel—is admirable, particularly given their lack of representation. But there is no practical way of forcing a case to trial when the plaintiff is not willing to litigate or prepared to do so. For this reason, this Court will adopt the parties' recommendation and dismiss this case with prejudice for failure to prosecute.[2] *See* FED. R. CIV. P. 41(b)(2).

Accordingly, it is **ORDERED** that the above-captioned case is **DISMISSED**. A judgment will issue separately.

Dated: July 27, 2022                                s/Thomas L. Ludington
                                                    THOMAS L. LUDINGTON
                                                    United States District Judge

---

[2] Even if dismissal for failure to prosecute were somehow improper, this Court construes Plaintiff's prior stipulation to dismiss combined with Defendants' show-cause response as an unopposed request for dismissal. *See* FED. R. CIV. P. 41(a)(2) ("Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.").